UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN G. MOYERS,            )
                              )
    Plaintiff              )
                              )
vs.                           )   CAUSE NO. 3:05-CV-060RM
                              )
JIM ARNOLD,                   )
                              )
    Defendant              )

## OPINION AND ORDER

Stephen Moyers submitted a complaint under 42 U.S.C. § 1983 against the LaPorte County Jail.  The court screened his complaint pursuant to 28 U.S.C. § 1915A, determined that he had not named a proper defendant, and afforded him time within which to file an amended complaint naming the jail officials he believed may have violated his federally protected rights. This case is now before the court on Mr. Moyers's amended complaint naming LaPorte County Sheriff Jim Arnold as the defendant.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the

> Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Moyers brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Moyers, a convicted prisoner, alleges that Sheriff Arnold is responsible for failing to protect him from being attacked and injured by another inmate and is responsible for depriving him of medical care for a serious and painful injury. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately

indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Moyers the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his Eighth Amendmen claims.

Mr. Moyers may sue Sheriff Arnold for damages in his official and/or in his individual capacity. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." Wilson v. Civil Town of Clayton,Indiana, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. The court does not read Mr. Moyers's complaint as asserting that Sheriff Arnold established a policy or tolerated a widespread practice or custom at the jail that violated his rights. "'Considerably more proof than [a] single incident will be necessary . . . to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the unconstitutional deprivation.'" Dye v. Wargo,  253 F.3d 296, 299. (7th Cir. 2001),quoting Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). Giving Mr. Moyers the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Sheriff Arnold had no personal involvement in the claims he presents. Mr. Moyers may also conduct discovery to determine if other jail officials were involved in these claims.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Jim Arnold in his individual capacity for damages and in his official capacity for injunctive relief;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS the defendant to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendant, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and the amended complaint.

SO ORDERED.

4

ENTERED: May 31 , 2005


   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court